THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs.   § | CRIMINAL NO.  4:24CR143 |
| § | |
| BENDRICK LERAY HOUSTON § | |

### REPORT AND RECOMMENDATION ON
### DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On July 23, 2024, the court ordered that Defendant undergo a psychiatric examination pursuant to 18 U.S.C. § 4241 at an appropriate Bureau of Prisons facility and that a psychiatric report of findings consistent with 18 U.S.C. § 4247(b) be filed with the court.  Defendant was subsequently evaluated by Dr. Matthew Opesso.  The court has received the report from the Bureau of Prisons, and copies have been furnished to the Assistant United States Attorney and defense counsel.

A competency hearing was conducted on October 17, 2024, before U.S. Magistrate Judge Aileen Goldman Durrett, during which the report was admitted.  At the hearing, Defendant appeared in court with his counsel, Douglas Schopmeyer.  Defendant was given the opportunity to present evidence and call witnesses.  Defendant did not offer any witnesses or evidence.  Moreover, Defendant did not present any objections to the report, including Dr. Opesso's opinion on competency.  The Government also did not object to the report findings.

Dr. Opesso's report concludes that, "In my professional opinion, Mr. Houston is presently competent to stand trial.  He displays no symptoms of a mental disease or defect that would render him unable to understand the nature and consequences of the proceedings against him or to assist

in his defense. He demonstrated a factual and rational understanding of the legal proceedings before him and was able to communicate with his attorney with a reasonable degree of rational understanding." The undersigned has considered the report and concludes that Defendant is not mentally incompetent, is able to understand the nature and consequences of the proceedings against him, and is able to properly assist in his defense. Defendant has a rational and factual understanding of the proceedings against him and presently has sufficient ability to consult with his attorney while having a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402 (1960).

## RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant be found competent to stand trial because he understands the nature and consequences of the proceedings against him and is able to assist in his defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from July 23, 2024 (the date the court ordered the competency evaluation), until the date on which the District Judge signs the order adopting this report and recommendation.

Within fourteen days after service of the magistrate judge's report, any party may serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, objections must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE